STATE OF NEBRASKA, EX REL. AINSWORTH PRECINCT, BROWN COUNTY, NEBRASKA, V. CHARLES WESTON, AUDITOR OF PUBLIC ACCOUNTS.

FILED SEPTEMBER 17, 1903. No. 13,336.

Municipal Corporation: BONDS: STATUTE. Section 14, chapter 45, Compiled Statutes, authorizes any precinct, township, city of the second class, or village "to issue bonds in aid of works of internal improvements, improving streets in cities of the second class and villages, highways," etc. *Held,* That the phrase, beginning with the word "improving," is a limitation of the preceding language, and limits the authority to issue bonds to such as are issued in aid of the works specifically enumerated in such phrase.

ORIGINAL application for a peremptory writ of mandamus to require the auditor of public accounts to register and certify certain precinct bonds. *Writ denied.*

*William M. Ely* and *P. D. McAndrew,* for relator.

*Frank N. Prout, Attorney General, contra.*

SULLIVAN, C. J.

This is an application for a peremptory writ of mandamus, commanding the auditor of public accounts to register and certify certain bonds issued by Ainsworth precinct of Brown county, and payable to the state, as a donation for the use and benefit of a state normal school to be located in said precinct. The only question involved is whether a state normal school is one of the objects in aid of which a precinct may lawfully issue bonds.

The theory of the relator is that a state normal school is a work of internal improvement, and that the issuance of the bonds is authorized by the provision of section 14, chapter 45, Compiled Statutes (Annotated Statutes, 10792), which is as follows:

"Any precinct, township, city of the second class, or village, organized according to law, is hereby authorized to issue bonds in aid of works of internal improvements, improving streets in cities of the second class and villages, highways, railroads, bridges, court houses, jails, city and town halls, and the drainage of swamp and wet lands, within such municipal division, to an extent not exceeding ten per cent. of the assessed value of the taxable property at the last assessment within such precinct, township, city of the second class or village."

Even were we to concede, which we do not, that a state normal school is a work of internal improvement, within the meaning of the term as used in the constitution and statutes of this state, the relator's theory would be untenable. The section quoted is not authority for the issuance of bonds in aid of works of internal improvement

generally, but only in aid of works of internal improvement, *"improving streets in cities of the second class and villages, highways, railroads, bridges, court houses, jails, city and town halls and the drainage of swamp and wet lands."* The italicised phrase is a clear limitation on the preceding language, and limits the works of internal improvement, in aid of which the municipalities specified in the act may issue bonds, to such as go to the improvement of the objects enumerated in the qualifying clause. As a state normal school is not one of the objects thus enumerated, the bonds are unauthorized, and the respondent properly refused to register them.

We do not overlook *Traver v. Merrick County,* 14 Neb. 327, where bonds issued in aid of a water grist mill for public use were held valid. But they were issued by a county and in pursuance of section 1 of the chapter referred to, which authorizes counties and cities to issue bonds in aid of "any railroad, or other work of internal improvement." Neither have we overlooked *Cummings v. Hyatt,* 54 Neb. 35, wherein bonds issued by a township in aid of the construction of an irrigation ditch were upheld. But when the bonds in that case were issued, section 14, *supra,* was not in its present form, but was as follows:

"Any precinct, township, or village (less than a city of the second class), organized according to law, is hereby authorized to issue bonds in aid of works of internal improvement, highways, bridges, railroads, court house, jails, in any part of the county, and the drainage of swamp and wet lands."

The section as it now stands was enacted in 1899, when the word "improving," which introduces the qualifying clause, was used for the first time. The introduction of the word at that time is significant. Besides, in that case, what is now section 48, article 2, chapter 93*a*, Compiled Statutes (Annotated Statutes, 6802), declaring canals constructed for irrigation purposes, works of internal improvement, and making all laws in regard to works of internal improvement applicable thereto, was invoked in

support of the bonds. The case, therefore, based as it is, partly on a differently worded section than that now in force, and partly on an act having no relation to the object for which the bonds in question in this case were voted, is not in point. The writ must be denied.

WRIT DENIED.